UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACQUELINE SIMS, Individually and as Mother and Natural Guardian of Cadeshia Prather, a Minor,<br><br>    Plaintiff,<br><br>  v.<br><br>ST. LOUIS TAN COMPANY and THE TAN COMPANY,<br><br>    Defendants,<br><br>  and<br><br>GOLDS ST. LOUIS LLC, GOLD'S GYM, and GOLD'S GYM INTERNATIONAL, INC.,<br><br>    Defendants/<br>    Third-Party Plaintiffs/<br>    Cross-Claimants,<br><br>  and<br><br>PLAYSMART, INC.,<br><br>    Defendant/<br>    Cross-Claim Defendant<br><br>  v.<br><br>JIM ETHINGTON d/b/a PLAY EXCELLENCE and DARWYN G. KUIPERS,<br><br>    Third-Party Defendants. | Case No. 08-cv-330-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on an appeal (Doc. 54) of Magistrate Judge Philip M. Frazier's order (Doc. 51) granting in part and denying in part the motion for leave to file a cross-complaint (Doc. 49) filed by defendants/third-party plaintiffs/cross-claimants Gold's St. Louis LLC, Golds Gym and Gold's Gym International, Inc. (collectively, the "Gold's defendants").

In the motion for leave to file a cross-complaint, the Gold's defendants asked the Court to allow them to add claims against one existing defendant and two new entities. Magistrate Judge Frazier held a telephonic hearing on the motion and ruled that the Gold's defendants could add claims against the existing party but could not add new defendants. He noted that new defendants could be pursued in a separate indemnity action. The Gold's defendants appeal theca portion of Magistrate Judge Frazier's order refusing to allow the Gold's defendants to add new parties to this case. The argue that the most efficient way to resolve this entire conflict is to bring all potentially liable parties into the same action using a cross-complaint.

A district court reviewing a magistrate judge's decision on nondispositive issues should only modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court will affirm Magistrate Judge Frazier's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. *Id.*

While the Court is sympathetic with the Gold's defendants' desire to resolve this case in the way they deem most expeditious, Magistrate Judge Frazier's view that the best way to bring this case to a resolution is to continue with the existing parties only toward the trial date in September 2009, is not erroneous or contrary to law. Indeed, the Gold's defendants have not pointed to any error of law or fact in Magistrate Judge Frazier's order; they simply believe a different result would have been better. That is not sufficient to justify overruling Magistrate Judge Frazier's order. Accordingly, the Court **AFFIRMS** that order (Doc. 51). The appeal (Doc. 54) is **OVERRULED**.

**IT IS SO ORDERED.**
**DATED: February 19, 2009**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**